**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred Green,<br><br>   Plaintiff,<br><br>v.<br><br>Michael Vlachos,<br><br>   Defendant. | No. CV-20-00455-TUC-RM<br><br>**ORDER** |

Pending before the Court is Plaintiff's "Motion Requesting Service to Arizona Nursing Association to Compel." (Doc. 34.) Plaintiff's Motion asks the Court to order the United States Marshals to serve Defendant Michael Vlachos with the Summons and Complaint at the following address:

> Arizona Nursing Association
> 1850 E. Southern Ave. #1
> Tempe, AZ 85282

Plaintiff further requests the Court to order the Arizona Nursing Association to provide Vlachos's address so that Vlachos can be served at that address. (*Id*.)

In an August 30, 2021 Order, the Court directed counsel for Corizon and Centurion to each file a Notice indicating whether Defendant Michael Vlachos is currently employed by the entity and, if so, the location at which he is employed and whether counsel is authorized to accept service on his behalf. (Doc. 31.) The Court

further directed that if Defendant Michael Vlachos is not currently employed by the entity, the Notice shall be filed under seal and shall provide Defendant's last-known address. (*Id.*) Subsequently, Centurion filed a Notice of Submission of Address Under Seal (Doc. 32) and a Sealed Notice of Last Known Address of Defendant Vlachos (Doc. 33). The United States Marshals then attempted to serve Defendant Vlachos at that address; however, service was returned unexecuted because Vlachos had moved one year prior. (Doc. 35.)

To the extent Plaintiff's pending Motion asks the Court to issue a subpoena compelling the Arizona Nursing Association to provide any information to Plaintiff, he must comply with the provisions of General Order 18-19[1] and Federal Rule of Civil Procedure 45(a). Accordingly, his Motion will be denied without prejudice to the extent it seeks issuance of a subpoena or Court Order compelling the Arizona Nursing Association to provide Defendant Vlachos's last-known address.

The Court will grant Plaintiff's Motion insofar as he requests that the United States Marshals attempt service upon Defendant Vlachos at the address provided in his Motion. The Court will direct the Clerk of Court to send Plaintiff a new service packet and will provide an additional extension of the service deadline to allow the Marshals time to attempt service at the new address provided by Plaintiff. However, Plaintiff is warned that the Court is not inclined to grant any further extensions of the service deadline, and that this action may be dismissed if he fails to serve Defendant Vlachos by the service deadline. Defendant Vlachos is the only remaining defendant in this action, and the Court has granted multiple extensions of the service deadline to allow Plaintiff time to ascertain an address at which Vlachos can be successfully served. It is Plaintiff's responsibility to provide the United States Marshals with accurate and sufficient information to effect service. *Allen v. Comm'nr of Ariz. State Prison*, No. CV-13-08048-

---

[1] General Order 18-19 provides that any self-represented litigant who wishes to serve a subpoena must file a written motion that sets forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested. The Motion must also state with particularity the reasons for seeking the testimony and documents, and a copy of the proposes subpoena must be attached to the Motion.

PHX-GMS, 2014 WL 2435685, at *3 (D. Ariz. May 30, 2014). "The court is not required to act as an investigative body in ascertaining a correct address for Defendant." *Id.*

Accordingly,

**IT IS ORDERED** that Plaintiff's "Motion Requesting Service to Arizona Nursing Association to Compel" (Doc. 34) is **granted in part and denied in part** as follows:

(1) The Motion is **denied without prejudice** insofar as it seeks issuance of a subpoena or Court Order compelling the Arizona Nursing Association to provide Defendant Vlachos's last-known address.

(2) The Motion is **granted** insofar as it seeks to have the United States Marshals serve Defendant Vlachos at the address provided.

(3) The Clerk of Court must send Plaintiff a copy of this Order, the Court's original Service Order (Doc. 22), and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendant Vlachos.

(4) Plaintiff must complete and return a service packet for Defendant Vlachos to the Clerk of Court within **21 days** of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) The service deadline is extended an additional **sixty (60) days** from the date this Order is filed. If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on Defendant Vlachos within 60 days of the filing of this Order, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(6) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

(7) If Defendant agrees to waive service of the Summons and Third Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(8) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

   a) personally serve copies of the Summons, Third Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

. . . .

. . . .

. . . .

. . . .

. . . .

(9) Defendant Vlachos must answer the Third Amended Complaint (Doc. 23) or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 25th day of October, 2021.

_____
Honorable Rosemary Márquez
United States District Judge