**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred Green, | No. CV-20-00455-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Vlachos, | |
| Defendant. | |

On October 26, 2020, Plaintiff, proceeding pro se, initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Docs. 1.). Plaintiff filed a First Amended Complaint on December 15, 2020 (Doc. 11), a Second Amended Complaint on March 2, 2021 (Doc. 18), and a Third Amended Complaint on May 3, 2021 (Doc. 23). On July 2, 2021, service of the Third Amended Complaint was returned unexecuted as to the only remaining Defendant, Michael Vlachos. (Doc. 24.) Upon Plaintiff's motions, the Court granted multiple extensions of time to serve Vlachos. (Docs. 27, 31, 36.) The Court directed Corizon to provide a last-known address for Defendant Vlachos (Doc. 27), which Corizon did (Doc. 33). Service at that address was unsuccessful. (Doc. 35.) The Court then granted Plaintiff's request to order service of process at a Tempe, Arizona address of the Arizona Nursing Association. (Doc. 36.) In that Order, the Court warned that it was

not inclined to grant any further extensions of the service deadline, and that the action may be dismissed if service failed a third time. (Doc. 36.) Service of Defendant at the Arizona Nursing Association was unsuccessful. (Doc. 37).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The "court must extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure to timely effect service. *Id.* A plaintiff proceeding in forma pauperis must provide the Court with current addresses for all Defendants so that service can be accomplished. *Haskins v. Ayers*, No. C 08-02226 CW (PR), 2010 WL 539864, at *1 (N.D. Cal. Feb. 9, 2010) (citing *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (overruled on other grounds)).

Approximately 15 months have elapsed since Plaintiff initiated this action, and Defendant Vlachos has not been served with the summons and Third Amended Complaint. The Court has granted Plaintiff multiple extensions of time to serve Defendant and has made efforts to obtain a last-known address for Defendant, to no avail. The Court's October 26, 2021 Order (Doc. 36) provided notice to Plaintiff of forthcoming dismissal if service was not completed. Accordingly, the Court will dismiss this action for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dismissal for failure to prosecute is also appropriate. Plaintiff has a duty to prosecute this action "with reasonable diligence." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (internal quotation marks omitted). "Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations." *Id.* at 525.

The Court has the power to dismiss an action for failure to prosecute, either under Rule 41(b) of the Federal Rules of Civil Procedure, the applicable local rule, or pursuant to its inherent authority. *See Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965) ("A

court has power to dismiss an action for want of prosecution on its own motion, both under Rule 41(b) and under its local rule . . . and even in the absence of such rules."). In determining whether to dismiss a case for failure to prosecute, the Court must weigh five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The first three factors weigh in favor of dismissal of this action. The fourth factor, as always, weighs against dismissal for failure to prosecute. In consideration of the fifth factor, the Court will dismiss this case without prejudice as a sanction less drastic than dismissal with prejudice.

Accordingly,

**IT IS ORDERED** that the above-captioned action is **dismissed without prejudice** for failure to complete service of process and failure to prosecute. The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 24th day of January, 2022.

_____
Honorable Rosemary Márquez
United States District Judge